IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RICHARD LASSIC,**

        **Petitioner,**

v.                                                 **Civil Action No.: 3:21-CV-133**
                                                                   **(GROH)**

**PAUL ADAMS, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On August 11, 2021, Petitioner, an inmate at Hazelton FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging the calculation of his sentence. ECF No. 1.[1] On August 19, 2021, Petitioner paid the filing fee. ECF No. 4.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:21-CV-133 unless otherwise noted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Conviction and Sentence in the Western District of Pennsylvania[2]

On December 2, 2015, an indictment was returned in case number 2:15-CR-256 in the Western District of Pennsylvania, which among other offenses charged Petitioner and several co-defendants with various drug trafficking offense, including: (1) in Count 1 with conspiracy to possess with intent to distribute of a controlled substance (cocaine), in violation of 21 U.S.C. § 841(a); and (2) in Count 2 with possession with intent to distribute a controlled substance (cocaine), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  ECF No. 21.  Pursuant to a written plea agreement filed on May 19, 2017, Petitioner entered a guilty plea to Count 1 of the indictment.  ECF No. 816.  On August 30, 2017, Petitioner was sentenced to 87 months of imprisonment, "with credit for time served on any federal detainer. This sentence shall run consecutively to any anticipated state court sentence for a parole violation."  ECF No. 883 at 2.

A review of the docket and PACER shows that Petitioner did not file an appeal, or a motion to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255.

### B.     Instant Petition for Habeas Corpus Under § 2241

On August 11, 2021, the Petitioner filed the Court-approved form for a petition for habeas corpus under 28 U.S.C. § 2241 in this Court.  ECF No. 1.  Petitioner claims that the Bureau of Prisons unlawfully failed to give him all the credit for time served, specifically time spent in Pennsylvania state custody.  ECF No. 1 at 5.  Petitioner asks this Court to

---

[2] Throughout section II.A. all ECF numbers refer to entries in the docket of Criminal Action No. 2:15-CR-256 in the Western District of Pennsylvania.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

2

grant him credit for two years of time spent incarcerated, from September 8, 2017, through September 10, 2019. Id. at 8.

On September 16, 2021, Respondent filed a motion to dismiss, or in the alternative for summary judgment, along with exhibits. ECF Nos. 10, 10-1 through 10-13. Therein, Respondent argues that Petitioner is not entitled to credit for time spent in state custody prior to imposition of his federal sentence on August 30, 2017. ECF No. 10-1 at 2 – 5. Further, Respondent argues that Petitioner properly received no presentence credit prior to June 12, 2019, the date he entered primary federal custody, because all that time in custody was credited toward Petitioner's state sentence. Id. Finally, Respondent argues that Petitioner is not entitled to credit for any time that Petitioner was in federal custody pursuant to a writ, from January 5, 2016, through August 30, 2017, because for that entire time period he was in the primary custody of the state of Pennsylvania. Id.

Petitioner filed a response on September 27, 2021, wherein Petitioner conceded that he was in state custody from September 8, 2017, through June 11, 2019. ECF No. 16 at 1. Petitioner appears to argue that when Pennsylvania state authorities dropped criminal charges against him on September 1, 2017, the day after his federal sentencing on August 31, 2017, that he should have received credit toward his federal sentence starting on August 31, 2017. ECF No. 16 at 1 – 2. Petitioner further argues that the copy of the judgment from the Western District of Pennsylvania which was provided by Respondent [ECF No. 10-8] is invalid because it lacks signatures.[3] Id.

On October 4, 2021, Respondent filed a reply, which relied on the arguments made

---

[3] A review of the attached judgment [ECF No. 10-8] shows that it bears the signature of the presiding United States District Judge Cathy Bissoon, and is identical to the judgment filed with the Clerk in the Western District of Pennsylvania, case number 2:15-CR-256, ECF No. 883.

in the motion to dismiss or for summary judgment. ECF No. 17. Respondent further addressed Petitioner's contention about the validity of the judgment in the Western District of Pennsylvania. Id.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

4

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a

6

legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968).  See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.   ANALYSIS

Because the Petitioner is challenging the computation of his sentence, the consideration of his claims under § 2241 is appropriate.

The United States Supreme Court has long recognized that 18 U.S.C. § 3585(b) does not authorize a district court to compute a defendant's jail credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992).  Rather, it is the United States Attorney General, acting through the BOP, who is responsible for computing an inmate's term of confinement.  This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing.  Id. at 333.  In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

9

> (1) as a result of the offense for which the defendant was arrested; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In Wilson, the Supreme Court expressly rejected Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing, reasoning that:

> Section 3585 indicates that a defendant may receive credit against a sentence that "*was imposed*." It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.

Wilson, supra, at 333 (emphasis in original, internal citations omitted).

In the instant case, the Petitioner seeks credit for the time he spent in state custody in Pennsylvania, before he was released to commence his federal sentence imposed in the Western District of Pennsylvania. Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence, and that BOP should have given him credit toward his federal sentence for time spent in state custody from September 8, 2017, through September 10, 2019.[5] ECF No. 1 at 8.

Although Petitioner's federal sentence was imposed on August 30, 2017, at that time Petitioner was only in temporary custody of the U.S. Marshals Service pursuant to a

---

[5] The Court notes that in his Reply to Respondent's motion to dismiss or for summary judgment, Petitioner concedes that he was in state custody from September 8, 2017, until June 11, 2019, but nevertheless still seeks credit for this period of time.

Writ of Habeas Corpus Ad Prosequendum. ECF Nos. 10-1 at 2, 10-2 at 2, 10-7 at 3. After imposition of sentence, Petitioner was returned to state custody on August 30, 2017, with a federal detainer. Id. Thereafter, Pennsylvania revoked Petitioner's parole, and imposed a sentence of two years, ten months, and seventeen days, whereby Petitioner remained in state custody until June 12, 2019.[6] ECF Nos. 10-2 at 3, 10-4. Upon Petitioner's release from state custody on that date, based on the federal detainer, Petitioner was transferred to federal custody on June 12, 2019.

Petitioner's service of his state sentence in Pennsylvania prior to commencement of his federal sentence prohibited him from receiving simultaneous credit for that state custody. Consistent with 18 U.S.C. § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."

The district court ordered that Petitioner's 87-month sentence should "run consecutively to any anticipated state court sentence for a parole violation." ECF No. 10-8. Even if the district court had issued an order which directed Petitioner to receive concurrent credit toward both sentences, the statute which controls concurrency of sentence would prohibit such an order from taking effect. Petitioner's federal sentence was imposed August 30, 2017. However, because Petitioner was in state custody at the time his federal sentence was imposed, he received credit for the time he was incarcerated toward his state sentence. Further, although petitioner was taken into

---

[6] Petitioner fails to address in either his petition or his response to the motion to dismiss or for summary judgment, that following his federal conviction in the Western District of Pennsylvania, that Pennsylvania state authorities revoked his parole.

11

temporary custody of United States Marshals from January 5, 2016, through August 30, 2017, by way of a federal Habeas Corpus Ad Prosequendum, during that temporary custody he remained in the primary custody of the state of Pennsylvania and received credit for that time towards his state sentence.

The Fourth Circuit has recognized that:

> A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum.* Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.

United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (citing Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir.1992); and Thomas v. Brewer, 923 F.2d 1361, 1366–67 (9th Cir. 1991) (producing state prisoner under writ of habeas corpus *ad prosequendum* does not relinquish state custody)).

Petitioner was not taken into federal custody until June 12, 2019. It is impossible for Petitioner to receive credit toward his federal sentence before that sentence commenced by his transfer to federal detention. Accordingly, Petitioner could not receive federal custody credit before June 12, 2019.

Consistent with the provision of § 3585 which mandates a defendant shall receive credit toward the service of a term "that has not been credited against another sentence," Petitioner was not eligible to obtain credit for time served prior to commencement of his federal sentence, because he was already receiving credit for that time toward his state sentence. Accordingly, BOP, appropriately determined the date that Petitioner started

his sentence was the date he was taken into federal custody, consistent with the provisions of 18 U.S.C. §§ 3585(b).

Although Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence, and refuses to grant him credit for time served in state custody, it is clear from 18 U.S.C. §§ 3585, 3621 and 3632 and the holding of <u>Wilson</u>, that neither the warden nor the Court calculate sentences for federal inmates. That task is the exclusive responsibility of the Bureau of Prisons, and it is clear from <u>Wilson</u> and other holdings that this Court may not usurp the Bureau of Prisons' authority. Moreover, it is clear from a review of the § 3585 that Petitioner's sentence was properly calculated to commence on the date he was released from state custody and entered federal custody. Thus, Petitioner has received all custody credit to which he was entitled, and his request for relief is without merit.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE** because sentences are properly calculated only by the Bureau of Prisons, and this Court is unable to provide the relief requested.

It is further **RECOMMENDED** that Respondent's motion to dismiss or for summary judgment [ECF No. 10] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should

also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 21, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE